**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GORAN MILOVANOVIC, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> CHARLES E. SAMUELS, : <br> : <br> Respondent. : | Civil Action No. 06-1724 (JBS) <br><br> **OPINION** |

**APPEARANCES**:

Petitioner Pro Se
Goran Milovanovic
#16323-424
FCI Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640

**SIMANDLE**, District Judge:

    Petitioner Goran Milovanovic has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the "execution" of his federal sentence.  Having thoroughly reviewed the Petition and supporting attachments, this Court summarily dismisses the Petition for lack of jurisdiction.

**I.  BACKGROUND**

    On February 17, 2005, following a plea of guilty to conspiracy to possess with intent to distribute an unspecified amount of "Ecstasy" in violation of 21 U.S.C. §§ 841(a)(1) and

846, Petitioner was sentenced in the U.S. District Court for the Middle District of Florida to a term of imprisonment of 78 months, to be followed by three years supervised release. Petitioner did not appeal the sentence.

On December 13, 2005, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The trial court denied the motion, stating in its opinion:

> First, Petitioner contends that the Court erred in imposing his sentence, arguing:
>
>> District court committed clear error when it sentenced Petitioner above proscribed [sic] maximum authorized by charge. The Petitioner's indictment failed to charge an essential element of the charged offense; and therefore the District Court committed clear error when it sentenced the Petitioner above the prescribed maximum for an "undetermined" amount of drugs.
>
> CV Dkt. 1 at 4 and Attach. at 1. The record refutes this contention. A review of the factual basis for Petitioner's plea agreement reflects that he agreed that his criminal conduct involved his possession of 22,143 MDMA tablets (CR Dkt. 67 at 14-15).[fn omitted]
> ...
> To the extent that the motion may be read to assert that Petitioner's case was infected with a Blakely/Booker[fn omitted] violation, in light of the broad waiver of appeal language contained in his plea agreement, he has waived his right to appeal on this basis. ... Moreover, the Eleventh Circuit Court of Appeals has held that the decisions in Blakely and Booker do not apply retroactively in a collateral review proceeding brought under § 2255. ... Hence, this claim, as the others, has no merit.

(Pet. Ex. C, Order, <u>Milovanovic v. United States</u>, Case No. 8:05-CV-2319-T-30MSS, 8:03-CR-240-T-30MSS, Jan. 11, 2006.)  Petitioner appealed the denial of his § 2255 motion.

While that appeal was pending, Petitioner filed an application with the U.S. Court of Appeals for the Eleventh Circuit for leave to file a second or successive § 2255 motion. On March 21, 2006, the Court of Appeals denied the application without prejudice.

> In his application, Milovanovic indicates that he wishes to raise two claims in a second or successive § 2255 motion, namely that the district court sentenced him in violation of the Fifth and Sixth Amendments when it (1) sentenced him based on a quantity of drugs that was not charged in the indictment; and (2) sentenced him above the Guidelines maximum that was authorized for possession of a "detectable" amount of ecstasy. Milovanovic indicates that his first claim relies on newly discovered evidence, and that his second claim does not rely on either a new rule of law or newly discovered evidence.  It appears, however, that he actually is attempting to rely on a new rule of law for both of his claims.  Milovanovic does not cite any specific cases in support of his claims, but he does discuss the Supreme Court's clarification of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and therefore, it appears that he is attempting to rely on the rules announced in <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

(Pet. Ex. A.)

On April 12, 2006, this Court received Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  Petitioner states that he does not challenge the District Court's authority to impose the 78-month sentence, but challenges the Warden's

authority to compel him to serve the term of supervised release "in addition" to his sentence as opposed to "as part" of his sentence.  Petitioner also asserts that the District Court constructively amended the indictment when it sentenced him based upon a determination that the offense involved over 20,000 pills, rather than an indeterminate amount.  Although Petitioner nowhere cites to United States v. Booker, 543 U.S. 220 (2005), it is clear that Petitioner is claiming a violation of the Booker rule prohibiting sentencing based on a judge's determination of facts, other than a prior conviction, that were not found by the jury or admitted by defendant.

## II.  DISCUSSION

### A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.  "Federal courts are authorized

to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[1]  See 28 U.S.C. § 2255; Davis v. United

---

[1] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[2]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

6

> this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

7

Here, Petitioner has pursued his § 2255 remedy in the trial court and has filed an application in the Court of Appeals for leave to file a second § 2255 motion.  In both of those proceedings, he raised the claim presented here, that the District Court had unconstitutionally sentenced him based on a quantity of drugs that was not charged in the indictment and above the Guidelines maximum that was authorized for a "detectable" amount of Ecstasy.  (Pet. Exs. A, C.)  It cannot be said that § 2255 is inadequate or ineffective to test Petitioner's claims.  Indeed, Petitioner's appeal of the denial of his § 2255 motion remains pending before the Court of Appeals for the Eleventh Circuit.  See Milovanovic v. U.S., Dkt. No. 06-11528-A.  Thus, this Court lacks jurisdiction to entertain Petitioner's § 2241 Petition.

To the extent the Petitioner can be construed as asserting a claim different from that presented in Petitioner's previous filings before the trial court and the Court of Appeals for the Eleventh Circuit, he has failed to make any showing that § 2255 is inadequate or ineffective to test his claims.  A challenge to the Warden's authority to execute the sentence as imposed is, in fact, a challenge to the legality of the sentence as imposed. Petitioner does not allege that the Warden is executing the sentence in any manner other than as it was imposed.  Thus,

again, this Court lacks jurisdiction to entertain Petitioner's § 2241 Petition.

Pursuant to 28 U.S.C. § 1631, whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed."  As there is pending in the Court of Appeals for the Eleventh Circuit an appeal of a § 2255 motion raising the same claims as those raised here, it would not be in the interest of justice to transfer this action to the Court of Appeals for the Eleventh Circuit.

### III.  CONCLUSION

Because § 2255 is not inadequate or ineffective to test Petitioner's claims, this Court lacks jurisdiction to entertain them under § 2241 and must dismiss the Petition.

                                       **s/ Jerome B. Simandle**
                                       JEROME B. SIMANDLE
                                       United States District Judge

Dated:  **May 31, 2006**